# RECORD IMPOUNDED

---

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

---

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0664-19T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

A.P.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF A.P.,
a minor.

_____

Submitted October 1, 2020 – Decided October 30, 2020

Before Judges Fuentes, Whipple, and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0041-19.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender,

of counsel; Bruce P. Lee, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Julie B. Colonna, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Rachel E. Seidman, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant, A.P. (Anthony),[1] appeals from a September 26, 2019, judgment in favor of the New Jersey Division of Child Protection and Permanency (Division) terminating his parental rights to his son, A.P. (Avery). Having carefully reviewed the record, we affirm primarily for the reasons expressed in the thorough written opinion of Judge Michael Antoniewicz issued with the judgment.

Defendant raises the following issues on appeal:

> I. THE TRIAL COURT ERRED FINDING THAT [THE DIVISION] CONDUCTED A FAIR

---

[1] For the sake of anonymity and because the initials are the same, we utilize the pseudonyms from defendant's brief to protect the parties and the child. See R. 1:38-3(d)(13).

INVESTIGATION RULING OUT S.J. AS A RELATIVE PLACEMENT.

II. [THE DIVISION]'S DUAL USE OF DR. DYER TO TESTIFY AGAINST ANTHONY AND TO CONDUCT AN EVALUATION OF S.J. AS PART OF A FAIR INVESTIGATION INTO RELATIVE PLACEMENT VIOLATED DUE PROCESS OF LAW. (NOT RAISED BELOW).

III. THE [TRIAL] COURT IMPERMISSIBLY ALLOWED ADMISSION OF EVIDENCE RELATING TO [ANTHONY]'S JUVENILE RECORD, WHICH VIOLATES N.J.S.A. 2A:4A-60.

Anthony is the biological father of Avery, born in November 2015. Avery's mother, A.W. (Allison), surrendered her parental rights to the resource family in 2018 and is not a party to this appeal. The Division first became involved with this family when Avery was born due to Allison's prior reports of domestic violence. Our review of the record reveals Anthony has a lengthy history of instability due to criminality, substance abuse, and psychiatric problems. Avery was initially removed from the care of his parents by the Division when they were incarcerated.

At the time of their arrests, the parents left Avery with Anthony's mother. When the Division learned that the paternal grandmother was ineligible for Avery's placement, the Division conducted an emergency removal pursuant to N.J.S.A. 9:6-8.29. At three months old, Avery was placed in a non-relative

3

resource home, where he remains. The Division later explored placing Avery with numerous members of Anthony's family but ruled each one out. In June 2017, Frank Dyer, PhD, conducted a psychological evaluation of Anthony at the Bergen County Jail. Due to restrictions at the jail, Dr. Dyer could not conduct a bonding evaluation at that time. After reviewing Anthony's criminal history, Dr. Dyer opined that Anthony minimized his problematic history, and that his substance abuse was significant and would impact his ability to appropriately care for Avery. Psychological testing revealed that Anthony suffered from anxiety, post-traumatic stress disorder, and depression. His responses were indicative of bipolar disorder and antisocial personality disorder.

Dr. Dyer conducted a bonding evaluation with Avery and his resource parents, with whom he had been placed since he was three months old. Dr. Dyer concluded that Avery was securely bonded to his resource parents. Dr. Dyer opined that because Avery only saw Anthony on a weekly basis, Avery would not suffer any serious or long-term harm if contact with Anthony ceased. Dr. Dyer ultimately stated that Avery "should not be allowed to linger in the uncertain status of foster care while further attempts are made to rehabilitate the birth parents, in light of their multiple serious problems, lack of progress to date, and poor prognosis."

A-0664-19T2

In November 2017, Anthony requested the Division consider S.J., his adult first cousin, as a relative placement. The Division withdrew its complaint in order to explore additional relative placements for Avery but found no relative placements willing or able to take responsibility for the care and custody of the child. Based on our review of the record, we reject Anthony's argument that the Division failed to conduct a fair investigation. Anthony was released from prison in December 2018. He stopped communicating with the Division case worker and had not visited his child beyond January 2019. He did not attend the trial.

On September 26, 2019, Judge Antoniewicz issued a written opinion terminating Anthony's parental rights to Avery and entered a judgment of guardianship. Judge Antoniewicz gave thoughtful attention to the importance of permanency and stability from the perspective of Avery's needs, and found the Division had established by clear and convincing evidence all four prongs of the best-interests test, N.J.S.A. 30:4C-15.1(a), which permits termination of parental rights. In re Guardianship of K.H.O., 161 N.J. 337, 347-48 (1999).

In this appeal, our review of the judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-13 (1998), and we are bound by his factual findings so long as they are supported

5

by sufficient credible evidence, <u>N.J. Div. of Youth & Family Servs. v. M.M.</u>, 189 N.J. 261, 279 (2007) (citing <u>In re Guardianship of J.T.</u>, 269 N.J. Super. 172, 188 (App. Div. 1993)).

We add the following comments to address Anthony's second and third arguments. Anthony claims that the court improperly admitted evidence relating to his juvenile records. His counsel objected on the basis of relevance. Even if we were to agree, we consider this harmless error. Furthermore, Anthony did not challenge the second prong of the best-interest test.

Anthony also argues for the first time here that it was erroneous for the Division to use Dr. Dyer's opinion to support its determination to rule out S.J. as a relative placement. Anthony asserts that Dr. Dyer's assessments should not be used in a dual role. Issues that were not raised at trial "will ordinarily not be considered on appeal unless they are jurisdictional in nature or substantially implicate the public interest." <u>Div. of Youth & Family Servs. v. M.C. III</u>, 201 N.J. 328, 339 (2010).

We conclude the factual findings of Judge Antoniewicz are fully supported by the record, and the legal conclusions drawn therefrom are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0664-19T2